**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CALVIN EARL WRIGHT,

                Petitioner,                CIVIL CASE NO.  04-CV-74407-DT

v.                                           HONORABLE GERALD E. ROSEN

JERI-ANN SHERRY,

                Respondent.
_____/

## ORDER GRANTING PETITIONER'S MOTION FOR A STAY

This matter is pending before the Court on petitioner Calvin Earl Wright's motion for a stay. The Court has concluded that, under the circumstances, a stay is appropriate. Accordingly, Petitioner's motion will be granted.

Petitioner initiated this action by filing a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2254. The habeas petition challenges Petitioner's state convictions for criminal sexual conduct and assault with intent to commit sexual penetration. Direct review of Petitioner's convictions concluded on August 29, 2003, when the Michigan Supreme Court denied leave to appeal.

Petitioner filed his habeas petition on November 12, 2004. He alleges in his pending motion that, on April 15, 2005, he filed a motion for relief from judgment in state court. The motion raised issues concerning (1) the procedure used for selecting a jury, (2) the jury instruction on reasonable doubt, (3) the sentence, (4) trial counsel, and (5) appellate counsel. The trial court denied Petitioner's motion on the grounds that Petitioner raised, or could have raised, his claims on appeal from his convictions. An appeal from the trial court's decision

remains pending in the Michigan Court of Appeals.

On April 26, 2005, Respondent filed an answer to Petitioner's habeas petition. She alleges through counsel that habeas claims I, III, and V are not cognizable, that claim II lacks merit, and that claim IV is procedurally defaulted.

On July 28, 2005, Petitioner filed his motion for a stay. He seeks to have the Court hold these proceedings in abeyance until the state court completes its review of the issues raised in his motion for relief from judgment. He anticipates filing an amended habeas corpus petition at the conclusion of state court review.

District courts may issue stays when a stay would be a proper exercise of discretion. *Rhines v. Weber*, __ U. S. __, __, 125 S. Ct. 1528, 1534 (2005). A stay is appropriate here because Petitioner's application for leave to appeal is pending in the Michigan Court of Appeals and because a subsequent habeas petition, filed as a new case, might be deemed "second or successive" under 28 U.S.C. § 2244(b). Accordingly, Petitioner's motion for a stay [Doc. #23] is GRANTED.

The stay is conditioned on Petitioner filing a motion to reinstate this action or to amend the habeas petition no later than **ninety (90) days** after the state court completes its review of his claims or within **ninety (90) days** of the Supreme Court's decision on a petition for the writ of certiorari. Petitioner shall mail a copy of his motion for reinstatement or to amend the habeas petition to Respondent, who will have **forty-five (45) days** from receipt of the motion to file a response and any additional state court materials. The Court declines to say whether any new claims raised in an amended habeas petition would be procedurally defaulted or time-barred.

s/Gerald E. Rosen  
Gerald E. Rosen  
United States District Judge

Dated:  September 9, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 9, 2005, by electronic and/or ordinary mail.

                                            s/LaShawn R. Saulsberry
                                            Case Manager