UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CALVIN EARL WRIGHT,

        Petitioner,

v.           CASE NO. 04-74407
        HONORABLE GERALD E. ROSEN

JERI-ANN SHERRY,

        Respondent.
_____/

## ORDER GRANTING IN PART A CERTIFICATE OF APPEALABILITY

Petitioner Calvin Earl Wright has appealed the Court's Opinion and Order denying his habeas corpus petition. The habeas petition makes the following claims: (1) the trial court admitted prejudicial evidence of another act of criminal sexual conduct; (2) Petitioner's statement to the police was erroneously admitted in evidence; (3) a prosecution witness was permitted to give her opinion of the complainant's credibility; (4) the prosecutor engaged in misconduct; (5) the trial court miscalculated the sentencing guidelines and relied on inaccurate information at sentencing; (6) the trial court violated Petitioner's right to due process when it denied his post-conviction motion; (7) the trial court acted improperly during the selection of a jury; (8) Petitioner was denied his constitutional right to an impartial jury; (9) the jury instructions were erroneous; (10) Petitioner was sentenced on the basis of false and inaccurate information; (11) defense counsel was ineffective during trial and at sentencing; and (12) appellate counsel was ineffective for failing to raise certain issues on appeal.

The Court must treat Petitioner's notice of appeal as an application for a certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). "To obtain a certificate of

appealability, a prisoner must demonstrate that reasonable jurists could disagree with the district court's resolution of his constitutional claims or that the issues presented warrant encouragement to proceed further." *Banks v. Dretke*, 540 U.S. 668, 674 (2004) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)). "It is consistent with § 2253 that a [certificate of appealability] will issue in some instances where there is no certainty of ultimate relief. After all, when a [certificate of appealability] is sought, the whole premise is that the prisoner has already failed in that endeavor." *Miller-El*, 537 U.S. at 337 (internal quotation marks omitted) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Petitioner's first claim alleges that the trial court erred when it permitted the prosecutor to admit prejudicial evidence of an uncharged act of criminal sexual conduct. The Court found no merit in this claim because the Supreme Court has not held that the use of propensity evidence violates the Constitution. Therefore, the state appellate court's conclusion that the evidence was admissible did not result in a decision that was "contrary to" Supreme Court precedent under 28 U.S.C. § 2254(d). *Bugh v. Mitchell*, 329 F.3d 496, 512-13 (6th Cir. 2003).

Petitioner's third claim alleges that it was improper for a prosecution witness to comment on the complainant's credibility. The Court rejected this claim because it alleges a mere violation of state law, and "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

Reasonable jurists would not find the Court's assessment of Petitioner's first and third claims debatable or wrong. Accordingly, the Court declines to issue a certificate of appealability on claims one and three.

Reasonable jurists could find the Court's assessment of Petitioner's remaining claims

debatable or wrong. Consequently, a certificate of appealability may issue on claim two and on claims four through twelve.

                                      s/Gerald E. Rosen
                                      Chief Judge, United States District Court

Dated: March 6, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 6, 2009, by electronic and/or ordinary mail.

                                      s/LaShawn R. Saulsberry
                                      Case Manager